**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**AARON SMITH**                                                        **PLAINTIFF**

**V.**                          **CASE NO. 4:20-cv-00094 JM**

**LARRY CRANE,** *et al.*                                              **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Aaron Smith, in custody at the Pulaski County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights (Doc. Nos. 2, 7). He also filed a motion to proceed *in forma pauperis*, which was granted (Doc. Nos. 1, 5).

**I.     Screening**

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

A claim is legally frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235- 236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## II.    Background

Smith sued Pulaski County Circuit Court Clerk Larry Crane, Pulaski County Sheriff Eric Higgins, and the Jacksonville, Arkansas, Police Department. (Doc. No. 2). He claims his constitutional rights were violated when he was arrested and jailed for violating a no contact order that had been dismissed in 2016 by Judge Barry Sims. (*Id*. at 4). He attached the Order to Dismiss No Contact Order to his Complaint. (*Id*. at 6). In a supplement to his Complaint, Smith explains: "the charges that I am now on are in fact the same no contact order that I am talking about." (Doc. No. 7 at 4). He seeks damages for the alleged violation of his rights. (Doc. No. 2 at 14).

## III.    Discussion

Smith is currently in custody in the Pulaski County Detention Center awaiting trial on pending criminal charges, including violation of the protective order he asserts was dismissed in 2016. (Doc. No. 2 at 3-4; Doc. No. 7 at 4); *State v. Smith*, 60CR-20-244. In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts

should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Smith is involved in ongoing state criminal proceedings, and Arkansas has an important interest in its criminal justice procedures. As such, the Court should abstain from entertaining Smith's constitutional claims. Further, there is no indication of bad faith, harassment, or any other extraordinary circumstance that would make abstention inappropriate.

Having determined that the Court should abstain from entertaining Smith's claims, it must decide whether to dismiss, or to stay, the case. Where only injunctive or equitable

relief is sought, dismissal is appropriate. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481 (8th Cir. 1998). Smith, however, seeks damages. Accordingly, Smith's case is stayed and administratively terminated. *Stroud*, 179 F.3d at 603-04. As such, Smith's pending motion for preliminary injunction will be denied, without prejudice.

**IV. Conclusion**

1.  Smith's motion for preliminary injunction (Doc. No. 3) is denied without prejudice.

2.  The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Smith's state criminal charges.

3.  Smith may file a motion to reopen this case after such final disposition.

4.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this order would not be taken in good faith.

IT IS SO ORDERED this 13th day of February, 2020.

_____
UNITED STATES DISTRICT JUDGE